1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSAN GOLDMAN, TRUSTEE OF THE GOLDMAN LIVING TRUST, <br><br> Petitioner, <br><br> v. <br><br> JAMES R. GAGNARD and MICHELLE GAGNARD, <br><br> Respondents. | Case No.: 11-CV-03028 LHK <br><br> ORDER DENYING GOLDMAN'S MOTION FOR ATTORNEY'S FEES, INTEREST, AND COSTS |

On October 27, 2011, this Court granted the motion of Petitioner Susan Goldman ("Goldman") to confirm the arbitration award in a real estate dispute. ECF No. 41 ("Order Confirming Arbitration Award"). On November 29, 2011, the Clerk of this Court entered judgment in favor of Goldman against James and Michelle Gagnard (the "Gagnards"), in the amount of $1,331,992.48. ECF No. 45 (the "Judgment"). On March 25, 2013, Goldman filed the instant motion, seeking attorney's fees, post-judgment interest, and costs incurred in enforcing the Judgment. ECF No. 47 ("Mot."). On April 8, 2013, the Gagnards filed an Opposition. ECF No. 50 ("Opp'n"). On April 15, 2013, Goldman filed a Reply. ECF No. 52 ("Reply").

The Court finds this matter appropriate for determination without oral argument and hereby VACATES the hearing set for August 8, 2013. *See* Civil L.R. 7-1(b). Having considered the

1

parties' submissions and the relevant law, and for good cause shown, the Court hereby DENIES as moot Goldman's motion for interest and costs, and DENIES with prejudice Goldman's motion for attorney's fees.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On January 21, 2004, Goldman and the Gagnards entered into a written real estate purchase contract containing an arbitration clause. *See* Order Confirming Arbitration Award at 2. The purchase contract also contained an attorney's fees and costs clause, providing for reasonable attorney's fees to the prevailing party in the event of any legal action, arbitration, or other proceeding between the buyer and seller. *See id.*

A dispute arose over defects in the property, and the parties selected an arbitrator from JAMS San Francisco. *See id.* On January 20, 2011, the arbitrator issued a final order awarding Goldman damages, attorney's fees, costs, and "any further JAMS costs regarding [attorney's fees]." *See id.* On March 7, 2011, the arbitrator awarded Goldman additional attorney's fees after denying defendants' Application for Correction of Final Award. *See id.*

After initially pursuing confirmation of the final arbitration award in California state court, Goldman dismissed her state court petition without prejudice, and filed a motion before this Court, seeking, *inter alia*, confirmation of the arbitration award, entry of judgment, and further attorney's fees, and pre-judgment interest. *See id.* at 2-3.

On October 27, 2011, this Court granted Goldman's motion to confirm and enter judgment in favor of Goldman for: (1) $611,875 in damages pursuant to the final arbitration award; (2) $475,307 in attorney's fees pursuant to the final arbitration award; (3) $116,157.25 in costs pursuant to the final arbitration award; (4) $2,300 in additional attorney's fees pursuant to the arbitrator's additional award of attorney's fees; and (5) $126,353.23 in prejudgment interest pursuant to Cal. Civ. Code §§ 3287, 3289, for a total of $1,331,992.48. *Id.* at 5.

The Court further ordered that Goldman should file a declaration and supporting documentation setting forth Goldman's reasonable attorney's fees and costs incurred in litigating the district court action to confirm the arbitration award. *See id.* However, on November 15, 2013, the Court denied Goldman's application for attorney's fees and costs because Goldman's counsel

United States District Court
For the Northern District of California

1    failed to submit any supporting documentation in their application for attorney's fees and costs.

2    *See* Order Denying Application for Attorney's Fees and Costs, ECF No. 44.  On November 29,

3    2011, the Clerk of this Court issued the Judgment against the Gagnards in the amount of

4    $1,331,992.48 (representing the total amount of the arbitration award, and this Court's further

5    award of prejudgment interest).  *See* Judgment.

6         Because the Gagnards reside in Illinois and appear to have no assets in California, Goldman

7    retained the law firm of Shaw Fishman Glantz & Towbin LLC ("Shaw Fishman"), located in

8    Chicago Illinois, to enforce the Judgment.  *See* Decl. Robert M. Fishman in Supp. Mot., ECF No.

9    47-5 ("Fishman Decl."), ¶ 2; Opp'n at 3-4.  Shaw Fishman registered the Judgment for the

10   purposes of execution in the United States District Court for the Northern District of Illinois on

11   December 13, 2011, and the case was assigned to Judge John W. Darrah.  *See* Fishman Decl. ¶ 2;

12   Opp'n at 3-4; *Susan Goldman as Trustee of the Goldman Living Trust U/A/D December 19, 2000*

13   *v. James R. Gagnard and Michelle Gagnard*, No. 11-8843, Northern District of Illinois (the

14   "Illinois Action"); *see also* Mem. Op. and Order of Judge Darrah, April 25, 2013, Case No. 11-

15   8843 ("Illinois Action Opinion"), at 3-4.[1]

16        After citations were issued to discover the Gagnards' assets in Illinois, the Gagnards filed a

17   motion in the Illinois Action to dismiss the citations.  *See* Illinois Action Opinion at 3.  Judge

18   Darrah denied this motion on March 2, 2012.  *See id.*  The Gagnards moved for reconsideration of

19   the ruling in two separate motions, and both of these motions were denied on June 21, 2012.  *See*

20   *id.*  The March 2 and June 21 rulings are currently on appeal before the Seventh Circuit.  *See id.*

21        On October 13, 2012, the Gagnards voluntarily paid the full amount of the judgment.  *See*

22   Decl. Charles M. Schaible in Supp. Mot., Ex. B, ECF No. 47-3 ("Acknowledgment of Satisfaction

23

24   [1]  On April 29, 2013, Goldman filed a statement of recent decision and request for judicial notice of
     the Illinois Action Opinion—the April 25, 2013 Order of Judge Darrah dismissing the Counter-

25   Complaint of the Gagnards in the Illinois Action).  *See* ECF No. 53.  The Court GRANTS
     Goldman's request for judicial notice of this document pursuant to Rule 201(b) of the Federal

26   Rules of Evidence. Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject
     to reasonable dispute because it: (1) is generally known within the trial court's territorial

27   jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot
     reasonably be questioned."); *see also Del Puerto Water Dist. v. United States Bureau of*

28   *Reclamation*, 271 F. Supp. 2d 1224, 1233 (E.D. Cal. May 13, 2003) ("Judicially noticed facts often
     consist of matters of public record, such as prior court proceedings.").

Case No.: 11-CV-03028 LHK
ORDER DENYING GOLDMAN'S MOTION FOR ATTORNEY'S FEES, INTEREST, AND COSTS

United States District Court
For the Northern District of California

of Judgment").  Three and a half months later, on January 31, 2013, Goldman's counsel executed a document entitled "Satisfaction of Judgment," acknowledging that Goldman had satisfied the Judgment, but providing that the instrument did not affect and was without prejudice to a later motion for attorney's fees.  *See id.*[2]  This case remains open before Judge Darrah.  *See* Fishman Decl. ¶ 2; Decl. David Epstein in Supp. Opp'n, ECF No. 50-1 ("Epstein Decl."), ¶ 4.

Two months later, Goldman filed the instant motion before this Court on March 25, 2013, seeking the following: (1) attorney's fees incurred in enforcing the judgment in the amount of $160,590.50; (2) post-judgment interest in the amount of $116,047.56; and (3) costs incurred in enforcing the Judgment in the amount of $8,651.55.  *See* Mot. at 2.

## II.    ANALYSIS

Below, the Court first addresses Goldman's attorney's fees request, and then turns briefly to Goldman's request for post-judgment interest and costs of enforcement.

### A.    Attorney's Fees

Goldman seeks attorney's fees from this Court pursuant to California Code of Civil Procedure § 685.040.  The Ninth Circuit has made clear that requests for post-judgment attorney's fees are governed by Federal Rule of Civil Procedure 69(a).  *See Carnes v. Zamani*, 488 F.3d 1057, 1060 (9th Cir. 2007).  Rule 69(a) requires a federal court to apply the procedural rules of the state where the court is located to "proceedings supplementary to and in aid of a judgment," unless there is an applicable federal statute. Fed. R. Civ. P. 69(a).  Because there is no applicable federal statute, Goldman contends that California procedural law governs post-judgment attorney's fees motions.  *See* Mot. at 2-3; *see also Carnes*, 488 F.3d at 1060.  Specifically, California's Enforcement of Judgments Law provides that a "judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment."  Cal. Civ. Proc. Code § 685.040.  When the prevailing party was entitled to attorney's fees in the underlying action, recoverable costs may include attorney's fees.  *See Carnes*, 488 F.3d at 1060 (citing Cal. Civ. Proc. Code § 685.040).

---

[2]  The document is dated January 31, 2013, and was filed on ECF in the Illinois Action on that date.  It was file-stamped "February 19, 2013" by the Deputy Clerk of the Northern District of Illinois.  It was first filed in this action on March 12, 2013, as ECF No. 46.

The Gagnards do not contest the applicability of California procedural law, but rather argue that California law does not entitle Goldman to recovery.  Opp'n at 4-5.  The Gagnards raise two objections to Goldman's motion, arguing both that the Judgment did not award attorney's fees to Goldman and thus prevents Goldman from pursuing a claim for post-judgment attorney's fees, Opp'n at 5, and also contending that Goldman's motion is untimely, Opp'n at 6-7.  The Court addresses each argument in turn.

First, the California Code of Civil Procedure provides that the prevailing party may recover post-judgment attorney's fees in cases where the underlying judgment includes an award of attorney's fees to the judgment creditor, as authorized by contract.  *See Carnes*, 488 F.3d at 1060; Cal. Civ. Proc. Code § 685.040 (referencing Cal. Civ. Proc. Code § 1033.5(a)(10)(A)).  In this case, the Gagnards argue that Goldman is not entitled to post-judgment attorney's fees because the underlying Judgment did not include an award of attorney's fees.  Opp'n at 5.  However, although the total Judgment amount was not itemized, the Court's Order Confirming Arbitration Award specifically awarded "$475,307 in attorney's fees pursuant to the Final Arbitration Award," which was included in the total Judgment amount of $1,331,992.48.  Additionally, the final arbitration award specified that its award of attorney's fees was pursuant to the real estate contract between the parties.  *See* Application for Order Confirming Arbitration Award, ECF No. 1, Ex. B at 1, n.1. Accordingly, the Court finds that the Judgment did include attorney's fees authorized by contract, and Respondent's first objection is unavailing.

Second, the Gagnards contend that this motion is untimely, because it was filed after the Judgment was fully satisfied.  *See* Opp'n at 6-7.  Cal. Civ. Proc. Code § 685.080 provides that a judgment creditor may move for costs, including attorney's fees, incurred in enforcing the judgment, by serving a noticed motion "before the judgment is satisfied in full, but not later than two years after the costs have been incurred."  *See Carnes*, 488 F.3d at 1060 (quoting Cal. Civ. Proc. Code. § 685.080(a)).[3]  Under California law, a money judgment "may be satisfied by

---

[3]  Alternatively, a judgment creditor may seek to recover attorney's fees by filing a memorandum of costs.  *See* Cal. Civ. Proc. Code § 685.070(b).  This section also requires that the memorandum of costs for post-judgment attorney's fees must be filed "[b]efore the judgment is fully satisfied." *See id.*

Case No.: 11-CV-03028 LHK
ORDER DENYING GOLDMAN'S MOTION FOR ATTORNEY'S FEES, INTEREST, AND COSTS

United States District Court
For the Northern District of California

1 payment of the full amount required to satisfy the judgment or by acceptance by the judgment

2 creditor of a lesser sum in full satisfaction of the judgment." Cal. Civ. Proc. Code § 724.010(a).

3 "[T]he statutory purpose of requiring that the motion for enforcement costs be brought 'before the

4 judgment is satisfied in full' . . . is to avoid a situation where a judgment debtor has paid off the

5 entirety of what he believes to be his obligation in the entire case, only to be confronted later with a

6 motion for yet more fees." *Lucky United Properties Inv., Inc. v. Lee*, 185 Cal. App. 4th 125, 144

7 (2010) (quoting Cal. Civ. Proc. Code § 685.080(a)).

8      Accordingly, any motion for attorney's fees pursuant to Cal. Civ. Proc. Code § 685.080

9 should have been brought before the judgment was satisfied in full—in this case, before "payment

10 of the full amount required to satisfy the judgment." *See* Cal. Civ. Proc. Code § 724.010(a). The

11 parties do not dispute that the Judgment was paid in full on October 13, 2012. On October 12,

12 2013, counsel for the Gagnards wrote a letter to Goldman's counsel stating in relevant part, "Today

13 our client, James R. Gagnard (for himself and Michelle Gagnard) is making full payment of the

14 outstanding amount of the November 29, 2011 judgment in [the instant case], including costs and

15 post-judgment interest." Decl. David Epstein in Supp. Opp'n, ECF No. 50-1 ("Epstein Decl."), Ex.

16 A. *See also* Acknowledgment of Satisfaction of Judgment ("[O]n October 13, 2012, the Gagnards

17 voluntarily paid the Judgment.").

18      Goldman did not file the instant motion until March 25, 2013—more than five months after

19 the Judgment was satisfied through full payment on October 13, 2012, and nearly two months after

20 Goldman's Acknowledgment of Judgment on January 31, 2013. Nonetheless, Goldman argues that

21 the instant motion is timely because she maintains that the Judgment still "has not been satisfied in

22 full." *See* Reply at 3. Goldman argues that this motion "was within the contemplation of the

23 parties at the time Mrs. Goldman executed the Satisfaction of Judgment," because Goldman's

24 January 31, 2013 Acknowledgment of Satisfaction of Judgment purported to reserve the right to

25 bring the instant action. *See* Reply at 3. Specifically, the Acknowledgment of Satisfaction of

26 Judgment stated that "Goldman hereby acknowledges the full and complete satisfaction of the

27 Judgment; *provided, however*, this instrument does not release, satisfy or affect, and is without

28 prejudice to, a motion that Goldman may file in a court of competent jurisdiction against either or

Case No.: 11-CV-03028 LHK
ORDER DENYING GOLDMAN'S MOTION FOR ATTORNEY'S FEES, INTEREST, AND COSTS

1    both of the Gagnards for an award of attorney's fees and costs related to the enforcement of the

2    judgment." *See* Acknowledgment of Satisfaction of Judgment.

3            The Court is not persuaded by Goldman's representation that the Judgment has not been

4    satisfied in full.  As explained above, under the plain meaning of Cal. Civ. Proc. Code

5    § 724.010(a), the Judgment was satisfied when it was paid in full on October 13, 2012.  Indeed, on

6    January 31, 2013, Goldman specifically acknowledged "the full and complete satisfaction of the

7    Judgment." *See* Acknowledgment of Satisfaction of Judgment.

8            Goldman's qualifying language in the Acknowledgment of Satisfaction of Judgment did not

9    change that fact.  Generally, acknowledgment of a judgment is an obligation on a judgment

10   creditor, which is triggered by the satisfaction of judgment. *See* Cal. Civ. Proc. Code § 724.030

11   ("When a money judgment is satisfied, the judgment creditor immediately shall file with the court

12   an acknowledgment of satisfaction of judgment.").  Although Goldman specified that her

13   Acknowledgment of Judgment was "without prejudice to" a motion for attorney's fees, Goldman

14   fails to explain how such an instrument could resurrect a right to attorney's fees months after the

15   Judgment was satisfied through full payment.  Goldman cites no authority in support of her

16   position, and the Court has found none.  Rather, the Court finds that permitting a judgment creditor

17   to unilaterally announce an open-ended future right to seek attorney's fees even after the payment

18   in full of a judgment would undermine the purposes of finality served by requiring attorney's fees

19   motions to be brought "before the judgment is satisfied in full." *See* Cal. Civ. Proc. Code.

20   § 685.080(a).

21           Accordingly, the Court deems Goldman's request for attorney's fees untimely and therefore

22   DENIES Goldman's request for attorney's fees with prejudice. *See Carnes v. Zamani*, 488 F.3d

23   1057, 1061 (9th Cir. 2007) (affirming denial of post-judgment attorney's fee motion because it was

24   filed after the underlying judgment was fully satisfied).[4]

25   _____

26   [4] Because Goldman's request is foreclosed as a matter of law, the Court need not consider whether
     this Court is the proper forum to assess the reasonableness of Goldman's fees incurred in the
     Illinois Action.  The Gagnards represented that Judge Darrah expressed a tentative view that

27   Goldman had no right to attorney's fees for post-judgment collection efforts under Illinois law, and
     thus Goldman is engaging in forum shopping by filing her attorney's fees request in California.
     *See* Opp'n 10-11; Epstein Decl. ¶ 5.  This Court agrees with the Gagnards that Judge Darrah is

28   better positioned to determine the reasonableness and propriety of fees incurred in practice before

7

United States District Court
For the Northern District of California

**B.      Interest and Costs**

Goldman's Motion also initially sought post-judgment interest and costs.   However, Goldman's Reply conceded that her request for post-judgment interest and costs arose out of an "excess of enthusiasm" for the reasoning of *Carnes v. Zamani*, and a failure to consider the federal statutes governing post-judgment interests and costs.   Reply at 4 (citing *Carnes*, 488 F.3d at 1059-60).   As a result, Goldman represented that she would not further pursue her requests for such interests and costs.   *Id.*   Accordingly, the Court DENIES these requests as moot.

**IV.      CONCLUSION**

For the foregoing reasons, the Court DENIES with prejudice Goldman's request for attorney's fees, and DENIES as moot Goldman's request for post-judgment and interest and costs.

**IT IS SO ORDERED.**

Dated:  August 6, 2013

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

---

him.  This is especially true in light of evidence that Judge Darrah found at least one of Goldman's motions to be "premature, unsupported by the record, and an inefficient use of the parties' and the Court's time and resources."  *See* Opp'n at 10-11; Epstein Decl., Ex. B.  Furthermore, the Gagnards represented that any award of fees by this Court would need to be brought back to Illinois for collection purposes.  *Id.*  Goldman's Reply failed to address these concerns of judicial economy.

Case No.: 11-CV-03028 LHK
ORDER DENYING GOLDMAN'S MOTION FOR ATTORNEY'S FEES, INTEREST, AND COSTS